**ATTACHMENT A**

**[PROPOSED] SCHEDULE AND CASE MANAGEMENT ORDER**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED, ET AL.,<br><br>*Defendants.* | Case No: 1:24-cv-3267<br><br>Judge James K. Bredar |

## [PROPOSED] SCHEDULE AND CASE MANAGEMENT ORDER

    1.    **Case Schedule**. Unless otherwise specified, days will be computed according to

Federal Rule of Civil Procedure 6(a).  The Court hereby adopts the following schedule:

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| **Fact Discovery** | | |
| Responsive pleadings (*i.e.*, answer or motion to dismiss in whole or in part) | 1/13/25 | On or before 1/13/25 |
| Fact discovery begins | Entry of CMO or no later than 1/13/25 | Entry of CMO |
| Deadline for Defendants to identify bidders for divested assets and to identify assets proposed to be divested | 1/31/25 | N/A |
| Deadline for Defendants to identify finalist purchasers for divested assets and to identify assets under negotiation for purchase | 2/28/25 | N/A |
| Deadline for Defendants to identify divestiture buyer(s) and defendants' witnesses from divestiture buyer(s) | 3/31/25 | 03/31/25 |
| Parties exchange preliminary fact witness lists | 4/17/25 | 01/15/25 |
| Deadline for Defendants to produce final divestiture agreements | 5/1/25 | 05/01/25 |

| | | |
|---|---|---|
| Dispositive or partially dispositive motions (if any) due on or before (opposition briefs due 3 weeks after any such filing) | 5/19/25 | 05/19/25 |
| Close of fact discovery | 7/15/25 | 06/02/25 |
| Parties exchange supplemental fact witness lists | 7/16/25 | 04/11/25 |
| Close of supplemental fact discovery | 9/12/25 | 06/30/25 |
| Parties exchange final fact witness lists | 9/15/25 | 06/16/25 |
| **Expert Discovery** | | |
| Plaintiffs to serve any Initial Expert(s) Reports(s) | 8/4/25 | 06/06/25 |
| Deadline to produce Backup Materials for Plaintiffs' Initial Expert(s) Report(s) | 8/5/25 | 06/09/25 |
| Defendants to serve any Expert(s) Report(s) | 9/3/25 | 07/09/25 |
| Deadline to produce Backup Materials for Defendants' Opposition Expert(s) Report(s) | 9/4/25 | 07/11/25 |
| Plaintiffs to serve any Reply Expert(s) Reports(s) | 9/29/25 | 07/21/25 |
| Deadline to produce Backup Materials for Plaintiffs' Reply Expert(s) Report(s) | 9/30/25 | 07/22/25 |
| Close of Expert Discovery | 10/7/25 | 07/30/25 |
| **Pre-Trial & Trial Procedures** | | |
| Parties exchange initial exhibit lists | 8/27/25 | 07/18/25 |
| Parties exchange initial deposition designations | 8/29/25 | 07/18/25 |
| Each Party informs each non-Party of all documents produced by that non-Party that are on the Party's exhibit list and all depositions of that non-Party that have been designated by the Party pursuant to paragraph 29 of the Protective Order, ECF No. 40 | 9/2/25 | 07/21/25 |
| Each Side exchanges its objections to the other Side's initial exhibit list, including confidentiality objections | 9/5/25 | 07/25/25 |
| Each Side exchanges its objections to the other Side's initial deposition | 9/8/25 | 07/25/25 |

| | | |
|---|---|---|
| designations and provides its deposition counter-designations | | |
| Each Side exchanges its counter-counter-designations to any deposition designations | 9/15/25 | 07/28/25 |
| Non-Parties provide notice of any objections to the potential public disclosure at trial of any non-Party documents and depositions, including the basis for any such objections, and propose redactions where possible | 9/15/25 | 07/28/25 |
| Parties meet and confer regarding admissibility of trial exhibits and deposition designations | 9/22/25 | 07/30/25 |
| Parties meet and confer regarding disputes about confidentiality of Party documents on trial exhibit list | 9/24/25 | 07/30/25 |
| Parties and non-Parties meet and confer regarding confidentiality of non-Party documents on trial exhibit list and non-Party depositions | 9/29/25 | 08/01/25 |
| Parties exchange any further additions to exhibit lists, limited to materials contained in any expert report | 10/1/25 | 08/01/25 |
| Joint Party Submission to Court of exhibit lists and, deposition designations, and opposing Parties' objections and the grounds therefor | 10/3/25 | 08/04/25 |
| Motions *in limine* and motions pursuant to *Daubert* or Fed. R. Evid. 703 | 10/3/25 | 08/01/25 |
| Opposition to motions *in limine* and motions pursuant to *Daubert* or Fed. R. Evid. 703 | 10/10/25 | 08/08/25 |
| Pretrial briefs | 10/15/25 | 08/06/25 |
| Final pre-trial conference | 10/20/25 | 08/13/25 |
| Trial begins | 10/27/25 | 08/18/25 |
| Post-trial briefs and proposed findings of fact and conclusions of law to be filed | 12/15/25 | Parties will confer in good faith and propose to the Court, in the proposed pretrial order, a recommendation for timing and length of post-trial briefing |

2.    **Service of Complaint**.  Counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

3.    **Discovery Conference**.  The Parties' prior consultations and submission of this Order fulfill the Parties' duties under Federal Rule of Civil Procedure 26(f) and Local Civil Rule 104.4, and no further consultation is required before commencing discovery unless so ordered by the Court.

4.    **Jurisdiction and Venue.**  Defendants consent to personal jurisdiction and venue in this Court in the above-captioned case, for the purposes of this case only.

5.    **Completion of Proposed Transaction.**    Defendants agree not to close, consummate, or otherwise complete the challenged transaction until 12:01 a.m. on the [[***Plaintiffs:*** tenth; ***Defendants:*** zero]]  day following the entry of a final and appealable judgment, order, decision, or opinion, and only if the Court enters judgment in favor of Defendants or otherwise permits consummation of the challenged transaction. The Parties agree that the Division need not seek a temporary restraining order or a preliminary injunction.

6.    **Dispositive Motions.**  The Parties reserve their rights to file full or partial dispositive motions, provided any such motion complies with the requirements of the Federal Rules of Civil Procedure and Local Civil Rule 105 and any motion comports with the schedule set forth above.

7.    **Discovery of Confidential Information.**    Discovery and production of confidential information shall be governed by the Protective Order entered by the Court in this action as ECF No. 40 ("Protective Order"), and a copy of the Protective Order (and any supplements or amendments thereto) shall be included with any discovery requests, notices, or subpoenas directed to non-Parties.

8.    **Definitions.**  For purposes of this Order, the following definitions apply:

(i)    "Party" means Plaintiff United States of America, any Plaintiff State, Defendant UnitedHealth Group Incorporated, or Defendant Amedisys, Inc.

(ii)    "Side" means the Party or all the Parties included on the Plaintiffs' side (*i.e.* "United States of America" or any of the Plaintiff States) or the combined Defendants' side (*i.e.* both UnitedHealth Group Incorporated and Amedisys, Inc.).

(iii)    "Plaintiffs" means the United States of America and the Plaintiff States, and all of their employees, agents, and representatives.

(iv)    "Plaintiffs collectively" means with respect to all Plaintiffs as a group as distinct from each individual plaintiff.

(v)    "Defendants" means UnitedHealth Group Incorporated, and Amedisys, Inc.

(vi)    "Defendants collectively" means with respect to all defendants as a group as distinct from each individual defendant.

(vii)    "Plaintiff States" means the States of Maryland, Illinois, New Jersey, and New York, and any other state that joins the above-captioned case as a plaintiff.

(viii)    "Proposed Transaction" means Defendant UnitedHealth Group Incorporated's proposed acquisition of Defendant Amedisys, Inc.

(ix)    "Divestiture" means the divestiture of certain home health and hospice agencies in conjunction with this transaction.

(x)    The terms "Investigation" and "Investigation Materials" have the same meanings as defined in the Protective Order.

9.    **Production of Investigation Materials**.  Consistent with the schedule above, and the terms of the Protective Order, the Parties have produced all Investigation Materials, regardless of whether the materials were collected or received informally or through compulsory process (such as a subpoena or Civil Investigative Demand) and regardless of whether a Party collected or received the materials in hard-copy or electronic form, except that (i) Plaintiffs did not produce to Defendants the Investigation Materials that Plaintiffs received from any Defendant; and (ii) Defendants did not produce again to Plaintiffs the Investigation Materials that they have previously produced to Plaintiffs.

10.    [[*Plaintiffs' Request:* **Interview Memoranda**.  The Parties will neither request, nor seek to compel, production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda, except for such material relied upon by a testifying expert and not produced in compliance with paragraph 27 of this Order.]]

11.    **Initial Disclosures.**  The Parties agreed to waive the exchange of disclosures under Federal Rule of Civil Procedure 26(a)(1) and produced the Investigation Materials pursuant to the terms of the Protective Order.

12.    [[*Defendants' Request*: **Specification of Geographic and Product Markets**. Within 14 days of entry of this Order, Plaintiffs shall serve on Defendants a statement that specifies Plaintiffs' alleged geographic and product markets on a location by location basis.  Plaintiffs shall provide, separately for each product market that Plaintiffs allege is relevant to a location: (i) all counties within the presumptively unlawful markets alleged; (ii) the branch or agency around which each market was determined; (iii) LHC's, Amedisys's, and competitors' respective shares in each geographic market; (iv) HHI pre-merger; and (v) HHI post-merger.]]

13.     **Statement Regarding Local Rule 301.4: Assignment to Magistrate Judge.**  The Parties do not believe or consent that this matter should be assigned to a magistrate judge for all purposes, including trial.

14.     **Statement Regarding Local Rule 607.2: Consideration of Alternative Dispute Resolution ("ADR").** The parties have engaged in good-faith settlement negotiations, but despite their efforts, have not been able to resolve this matter to date.

*Plaintiffs' position regarding ADR*

Plaintiffs do not believe the case would benefit from ADR, particularly given the condensed time frame to bring the case to trial. If, during the course of the litigation, the Parties mutually agree that ADR would be beneficial, Plaintiffs will work in good faith with Defendants to submit a joint proposal to the Court seeking an adjustment to the schedule for purposes of ADR. Plaintiffs are available to discuss potential resolution with Defendants but believe undertaking a formal ADR process will divert valuable time and attention from litigation.

*Defendants' position regarding ADR*

Defendants are optimistic about the Parties' ability to resolve this matter and welcome the opportunity to participate in ADR or mediation at the appropriate time, provided that the litigation schedule simultaneously proceeds on the schedule ordered by the Court.

15.     **Timely Service of Fact Discovery and Supplemental Discovery.**  All discovery, including discovery served on non-Parties, must be served in time to permit completion of responses by the close of fact discovery, except that Supplemental Discovery must be served in time to permit completion of responses by the close of Supplemental Discovery.  For purposes of this Order, "Supplemental Discovery" means document and deposition discovery, including discovery served on non-Parties, related to any person identified on a Party's final fact witness list

who was not identified on that Party's preliminary or supplemental fact witness lists (including document and deposition discovery related to any such person). Depositions that are part of Supplemental Discovery must be noticed within seven (7) days of exchanging the final fact witness lists. Notwithstanding any other deadlines in this Order, a Party may take limited discovery related to the authenticity of any document on that Party's exhibit list to which the opposing side objects on the ground that such document is inauthentic.

16. **Written Discovery on Parties**.

A. ***Document Requests***.  There is no limit on the number of requests for the production of documents and things (including data) that may be served by the Parties. The Parties must serve any objections to requests for productions of documents and things (including data) within ten (10) business days after the requests are served. Within four (4) business days of service of any objections, the Parties must meet and confer to attempt to resolve in good faith any objections and to agree on custodians to be searched. Responsive productions (to the extent not subject to any objections or custodian issues that have not been resolved), must be made on a rolling basis and must begin no later than twenty-one (21) days after service of the request for production.

(a)    The Parties will attempt in good faith to substantially complete responsive productions no later than thirty (30) days after service of the request for production. In no event will the production not be completed by forty (40) days after service of the request, unless the Parties mutually agree to a longer period of time or objections, if any, remain unresolved by the Court.

(b)    Should any objections or custodian issues remain unresolved for fourteen (14) days after service of the request for production, the Parties will attempt in good faith to complete such remaining responsive productions no later

than fourteen (14) days after resolution of such objections or custodian issues. If the parties are unable to resolve objections or custodian issues within twenty-eight (28) days after service of the request for production, they may commence the motion to compel process described in paragraph 19.

(c)    Notwithstanding any other part of this paragraph, in responding to requests for production of documents and things (including data) that are part of Supplemental Discovery, the Parties must (i) serve any objections to such requests for production of documents within three (3) business days after the requests are served; (ii) make responsive productions (subject to any objections or custodian issues that have not been resolved) on a rolling basis; and (iii) begin such productions no later than fourteen (14) days after the requests are served.

(d)    None of the Parties must preserve or produce in discovery the following categories of documents:

(i)    Documents or communications sent solely between outside counsel for Defendants (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiffs (or persons employed by or acting on behalf of such counsel);

(ii)    Documents that were not directly or indirectly furnished to any non-Party, such as internal memoranda, authored by the Parties' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for the Plaintiffs (or persons employed by or acting on behalf of the Plaintiffs).

10

(e)    None of the Parties must preserve or produce in discovery temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located.

B.    **_Data Requests._**  In response to any requests where data or data compilations are responsive, the Parties will meet and confer in good faith within four (4) business days of service of any objections regarding the requests and will work in good faith to address questions or issues relating to data. The Parties will make employees knowledgeable about the content, storage, and production of data available for informal consultations throughout the meet-and-confer process as necessary. The Parties will work in good faith to complete production of data or data compilations within thirty (30) days after service of the requests for production. In no event will the production not be completed within forty (40) days after such resolution, subject to modification by mutual agreement of the Parties.

C.    **_Interrogatories._**  Interrogatories are limited to thirty (30), including discrete subparts, by Plaintiffs collectively to Defendants collectively, and thirty (30), including discrete subparts, by Defendants collectively to Plaintiffs collectively. The Parties must serve any objections to interrogatories within ten (10) business days after the interrogatories are served. Within four (4) business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties must provide complete answers to interrogatories no later than thirty (30) days after service of the requests, unless otherwise extended by mutual agreement between the Parties.

D.    **_Requests for Admission._**  Plaintiffs collectively may serve up to twenty (20) requests for admission on Defendants, collectively, and Defendants collectively may serve up to twenty (20) requests for admission on Plaintiffs collectively. The Parties must serve

any objections to requests for admission within ten (10) business days after the requests for admission are served. Within four (4) business days of service of any objections, the Parties must meet and confer to attempt to resolve the objections. The Parties must provide complete responses to requests for admission no later than thirty (30) days after service of the requests for admission, unless otherwise extended by mutual agreement between the Parties.

17.    **Written Discovery on Non-Parties.**  The Parties will in good faith cooperate with each other with regard to any discovery to non-Parties in an effort to minimize the burden on non-Parties. Each Party must serve a copy of any discovery request to a non-Party on the other Parties at the same time as the discovery request is served on the non-Party. Every discovery request to a non-Party shall include a cover letter requesting that (a) the non-Party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it, and (b) the non-Party provide to the other Parties copies of all productions at the same time as they are produced to the requesting Party. If a non-Party fails to provide copies of productions to the other Parties, the requesting Party shall provide such copies to the other Parties, in the format the productions were received by the requesting Party, within 3 business days of when the requesting Party received such materials from the non-Party. In addition, if a non-Party produces documents or electronically stored information that are not Bates-stamped, the Party receiving those materials shall request that the non-Party Bates-stamp all documents or electronically stored information and produce such Bates-stamped copies to all Parties simultaneously. Each Party must provide the other Parties with (i) a copy of any written communication (including email) with any non-Party concerning any changes to the scope of the subpoena or the timing of the response no later than

12

one (1) business day after the communication; and (ii) a written record of any oral or written modifications to the subpoena, no later than one (1) business day after the modification.

18. **Depositions.** Plaintiffs collectively are limited to sixty (60) depositions of fact witnesses, and the Defendants collectively are limited to sixty (60) depositions of fact witnesses. The following depositions do not count against the deposition caps imposed by the preceding sentence: (a) depositions of any persons identified on a Party's final fact witness list who were not identified on that Party's preliminary or supplemental fact witness list; (b) depositions of the Parties' designated expert witnesses; (c) depositions taken in response to Civil Investigative Demands; (d) the two (2) hours of deposition time afforded to non-noticing parties as set forth in paragraph 18.C below; and (e) depositions taken for the sole purpose of establishing the location, authenticity, or admissibility of documents produced by any Party or non-Party, provided that such depositions may be noticed only after the Party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means, and further provided that such depositions must be designated at the time that they are noticed as being taken for the sole purpose of establishing the location, authenticity, or admissibility of documents.

A. The Parties will work cooperatively with respect to scheduling depositions. The Parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witnesses' schedules. They will make good-faith efforts to make witnesses (other than experts) available for depositions upon 14 days' notice and to accommodate witness availability. [[*Plaintiffs' request:* The parties will make their employees available for deposition and will make a good faith attempt to make witnesses available in Washington, D.C., or Baltimore, Maryland.]] If the Parties agree to conduct a deposition remotely, the Parties agree that the deposition will take place by

13

videoconference. The court reporter will swear the witness remotely by means of the videoconference. At any time during the deposition, except when a question is pending, the witness may request a break from the videoconference to privately consult with counsel. As is the case for in-person depositions, however, the witness may not otherwise engage in conversations with counsel or third parties about the deposition during the deposition by instant message, text message, email, or any other means not recorded on the record. No participants other than the court reporter, and videographer if applicable, will record the deposition.

  **B.**  If a Party serves on a non-Party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the Party serving those subpoenas must schedule the deposition for a date at least seven (7) business days after the return date for the document subpoena, and if the Party serving those subpoenas agrees to extend the date of production for the document subpoena in a way that would result in fewer than seven (7) business days between the extended production date and the date scheduled for that non-Party's deposition, the date scheduled for the deposition must be postponed to be at least seven (7) business days following the extended production date, unless all other Parties consent to fewer than seven (7) business days.

  **C.**  Depositions of fact witnesses are limited to no more than one day of seven (7) hours on the record unless otherwise stipulated. If multiple witnesses are identified for any deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), each witness deposition is limited to no more than one day of seven (7) hours on the record, unless otherwise stipulated. During non-Party depositions, the non-noticing Side will receive two

(2) hours of examination time on the record. If a non-Party deposition is cross-noticed, then each witness deposition is limited to no more than one day of eight (8) hours on the record, which will be divided equally between the Sides (*e.*g. 4 hours to Plaintiff and 4 hours collectively to Defendants), and the deposition of the non-Party will count as one half of a deposition for both Sides. Any time allotted to one Side but not used by that Side in a non-Party deposition may not be used by the other Side, unless the Side that does not use all of its allotted time agrees to allow the other Side to use the remaining time. Notwithstanding any other provisions in this paragraph, if the Plaintiffs notice the deposition of a non-Party (including an employee of or investor in a non-Party) with which a Defendant has made an offer, commitment, or agreement (including an agreement to divest or license assets) in an effort to address or remedy the antitrust violation alleged by Plaintiffs regarding the Proposed Transaction, then Plaintiffs will receive 7 hours of on the record examination time for the deposition.

19.    **Motion to Compel.**  Prior to filing a motion to compel, the Parties must meet and confer within three (3) business days of a request to meet and confer in an attempt to resolve their dispute. Such meet and confer will consist of a single session, unless extended by mutual agreement of the parties. A Party shall move to compel written discovery within five (5) days following the meet and confer, with the opposing Party responding within five (5) days, and the moving Party replying within three (3) days. The Parties shall serve motions and memoranda for a motion to compel in accordance with Federal Rule of Civil Procedure 5 and follow this filing schedule instead of the filing schedule provided in Local Rule 105.2(a). Parties are limited to ten (10) double-spaced pages for opening and opposition briefs. Reply briefs are limited to five (5)

double-spaced pages. Dates shall be calculated in accordance with Federal Rule of Civil Procedure 6 unless otherwise agreed upon.

20.     [[*Plaintiffs' Request*: **Discovery from Executive-Branch Agencies**.  In the event Defendants elect to proceed with Executive Branch related discovery, such discovery will be governed by the Federal Rules of Civil Procedure and this Order and may require the extension of discovery or other deadlines contained within this Order.]]

21.     **Evidence from a Foreign Country.**  Before any Party may offer documentary or testimonial evidence from an entity or person located in a foreign country, the other Side must be afforded an opportunity by the entity or person (or both, when applicable) to obtain documentary and deposition discovery. For any non-Party witness who resides outside the United States and is included on the witness lists of any Party, any deposition of that witness may be conducted remotely, and any such deposition shall be conducted under United States law. For any Party witness who resides outside the United States and is included on the witness lists of any Party, each Party agrees to make good-faith efforts to make such witness available for an in-person deposition in the United States at a location agreed to by the Parties. If it is not possible to make the witness available in the United States, the Parties agree to conduct the deposition remotely, as described in paragraph 15 of this Order, and under United States law. If the witness resides in a country that does not permit remote depositions or that only permits remote depositions by virtue of the Hague convention, then the Party agrees to make the witness available for an in-person or virtual deposition in London, England, or another country that is mutually agreeable to the Parties, and under United States law.

22.     **Acceptance of Deposition Notices.**  Each Party agrees that its litigation counsel in this Action will accept service of a deposition notice on behalf of any witness who is an employee

of a Party, the Party's subsidiary, or an affiliate of the Party, and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule.

23.    **Acceptance of Trial Subpoenas.**  Each Party agrees that its litigation counsel in this Action will accept service of a trial subpoena on its behalf for any witness who is an employee of a Party, the Party's subsidiary, or an affiliate of the Party and who resides or is located outside the United States, without requiring additional or different procedures to be followed pursuant to the Hague Evidence Convention, or any other applicable convention, treaty, law, or rule. Each Party agrees to make good faith efforts to have each such witness available to testify at trial in Baltimore, Maryland.

24.    **Privilege Logs.**  The Parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) documents or communications sent solely between outside counsel for the Defendants (or persons employed by or acting on behalf of such counsel); (2) documents or communications sent solely between counsel for Plaintiffs (or persons employed by or acting on behalf of the United States Department of Justice); (3) documents or communications sent solely between counsel for the Plaintiffs (or persons employed by or acting on behalf of the United States Department of Justice) and counsel for any state (or persons employed by or acting on behalf of the office of the attorney general of any state); (4) documents or communications sent solely between counsel for any state(s) (or persons employed by or acting on behalf of the office of the attorney general of any state) or foreign competition authority; (5) documents or communications sent solely among inside counsel (acting in a purely legal capacity), or inside counsel (acting in a purely legal capacity) and outside counsel (or persons employed by or acting on behalf of counsel) for either Defendant;

(6) privileged draft contracts; (7) privileged draft regulatory filings; and (8) non-responsive, privileged documents attached to responsive documents. When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the producing Party will insert a placeholder to indicate a document has been withheld from that family. For each entry of the privilege log, all attorneys acting in a legal capacity with respect to that document or communication will be marked with the designation ESQ after their names (include a space before and after the "ESQ").

      25.    **Inadvertent Production of Privileged Material.** Inadvertent production of privileged material will be governed by Section P of the Protective Order.

      26.    **Presumptions of Authenticity.** Documents and data produced by Parties and non-Parties from their own files will be presumed to be authentic within the meaning of Federal Rule of Evidence 901. Any good-faith objection to authenticity must be provided with the exchange of other written objections to intended trial exhibits. If the opposing Side serves a specific, good-faith written objection to authenticity, the presumption of authenticity will no longer apply, and the Parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

      27.    **Expert Witness Disclosures and Depositions.** Expert disclosures, including each Side's expert reports, will be conducted in accordance with Federal Rule of Civil Procedure 26(a)(2) and 26(b)(4), except as modified by this paragraph.

          A.    Neither Side must preserve or disclose, including in expert deposition testimony, the following documents or information:

**(a)**    any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared:

    **(i)**    between any Plaintiffs' or any Defendants' counsel and the Plaintiffs' or the Defendants' own testifying or non-testifying expert(s);

    **(ii)**    between a state Plaintiff and its own testifying or non-testifying expert(s);

    **(iii)**    between any agent or employee of the United States and the United States's own testifying or non-testifying expert(s);

    **(iv)**    between any agent or employee of Defendants retained by or through counsel in connection with this matter and Defendants' own testifying or non-testifying expert(s);

    **(v)**    between testifying and non-testifying experts;

    **(vi)**    between non-testifying experts; or

    **(vii)**    between testifying experts.

**(b)**    any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

**(c)**    the expert's notes, except for notes of interviews participated in or conducted by the expert, if the expert relied upon such notes in forming any opinions in his or her final report;

**(d)**    drafts of expert reports, affidavits, or declarations; and

**(e)**      data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

**B.**      The Parties agree that the following materials will be disclosed:

**(a)**      all final reports;

**(b)**      a list by Bates number of all documents relied upon by the testifying expert(s) in forming any opinions in his or her final reports;

**(c)**      copies of any materials relied upon by the expert not previously produced that are not available for free without a login on the World Wide Web, and for materials relied upon by the expert that are available for free without a login on the World Wide Web, the expert provides a working hyperlink to such materials;

**(d)**      a list of all publications authored by the expert in the previous ten (10) years and copies of all publications authored by the expert in the previous ten (10) years that are not available for free without a login on the World Wide Web, and for all publications authored by the expert in the previous ten (10) years that are available for free without a login on the World Wide Web, the expert provides a working hyperlink to such publications;

**(e)**      a list of all other cases in which, during the previous four (4) years, the expert testified at trial or by deposition, including tribunal and case number; and

**(f)**      for all calculations appearing in the final reports, all data and programs underlying the calculations (including all programs and codes necessary to replicate the calculations from the initial ("raw") data files and the intermediate

working-data files that are generated from the raw data files and used in performing the calculations appearing in the final report) and a written explanation of why any observations in the raw data were either excluded from the calculations or modified when used in the calculations.

    **C.**    The case schedule allows for Plaintiffs' Initial Expert(s) Report(s), Defendants' Expert(s) Report(s), and Plaintiffs' Rebuttal Expert(s) Report(s). Any additional supplemental report may not be served without agreement by the Parties or leave of the Court.

    **D.**    Each expert may be deposed for seven (7) hours on the record, with all seven (7) hours reserved for the Side noticing the expert's deposition. Depositions of each Side's experts will be conducted only after disclosure of expert reports and all of the materials identified in paragraph 23(b) of this Order for all of that Side's experts.

    **E.**    Nothing in this Order precludes counsel for a Party from taking reasonable and appropriate redirect examination of their own experts or fact witnesses. Opposing counsel may then have rebuttal time equal to any time spent on redirect, without that time counting toward the seven (7) hours of deposition time permitted under this Order.

**28.**    **Witness Lists.**  The Plaintiffs collectively are limited to forty (40) persons on their preliminary fact witness list, and the Defendants collectively are limited to forty (40) persons on their preliminary fact witness list. The preliminary fact witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), and must include the name, employer, address, and telephone number of each witness.

    **A.**    Preliminary fact witness lists may be supplemented on or before the date specified in the case schedule, but only if a Party had not expected to call that witness to

testify when the preliminary fact witness list was exchanged.  No more than a total of forty (40) fact witnesses may be included on the combined preliminary and supplemental fact witness lists. By way of example, if a Party has forty (40) individuals on its preliminary fact witness list and decided to include two (2) different individuals on its supplemental fact witness list, it must cut two (2) witnesses from the preliminary fact witness list so that there are no more than forty (40) witnesses in total. The supplemental fact witness lists must include the name, employer, address, and telephone number of each fact witness.

B.    Witnesses whose testimony will be submitted through deposition testimony will be included on each Side's final fact witness list but will not count toward any fact witness list limits, including the right to add witnesses as set forth in Paragraph 24(c).

C.    Plaintiffs collectively are limited to forty (40) persons (including experts) on their final trial witness list, and Defendants collectively are limited to forty (40) persons (including experts) on their final trial witness list. Each Side's final trial witness list may identify no more than ten (10) witnesses that were not identified on that Side's supplemental fact witness list. A witness who was not identified on a Side's supplemental fact witness list may be added to that Side's final fact witness list but only if a Party had not expected to call that witness to testify when the supplemental fact witness list was exchanged, and the other Side reserves their rights to object to such late disclosure. If any new fact witnesses are added to a final trial witness list who were not on that Side's preliminary fact or supplemental fact witness list, document discovery may be had with respect to such person(s), even if out of time, and a deposition(s) by the other Side of such witness(es) will not count against that other Side's total depositions. Any document discovery and/or deposition notices of new witnesses on the Parties' final trial witness lists

must be issued within seven (7) days of service of the final trial witness lists. The final trial witness lists must comply with Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(ii), must include the name, employer, address, and telephone number of each witness, and must include a brief summary of the subjects about which any expert witnesses will testify. For the sake of clarity, Parties do not need to include experts on their preliminary or supplemental fact witness lists but must include experts on their final trial witness list.

   **D.** In preparing preliminary fact witness lists, supplemental fact witness lists, and expert disclosures, the Parties must make good-faith attempts to identify the witnesses whom they expect that they may present as live witnesses at trial (other than solely for impeachment). No Party may call a person to testify as a live witness at trial (other than solely for impeachment) unless (a) that person was identified on any Party's final trial witness list; (b) all Parties agree that that Party may call that person to testify; or (c) ordered by the Court after that Party demonstrates good cause for allowing it to call that person to testify, despite that Party's failure to identify that person sooner.

   **29.** **Demonstrative Exhibits.** Demonstrative exhibits do not need to be included on exhibit lists, but unless otherwise agreed or ordered, they must be served on all counsel of record no later than 2:00 p.m. ET the day before the start of any trial day when any such exhibit may be introduced, or otherwise used, at trial. The following types of demonstrative exhibits need not be pre-disclosed to the opposing Party: demonstrative exhibits used during opening statements or closing arguments; demonstrative exhibits used by experts that were disclosed in the experts' report, if the exhibit has not been materially changed; demonstrative exhibits used in cross-examination of any witness or in direct examination of a hostile witness; demonstrative exhibits used at any hearing other than trial; and demonstrative exhibits created in court during the

witness's examination. Demonstratives representing data must rely only on data that has been produced to the opposing Side by the close of fact discovery or is readily available from a single source and not behind a paywall.

30.    **Service of Pleadings and Discovery on Other Parties.**  Service of all pleadings must be made by ECF. Consistent with Local Rule 104.5, service of discovery requests (including subpoenas for testimony or documents under Federal Rule of Civil Procedure 45), expert disclosures, and delivery of all correspondence in this matter must be made by email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each Party:

For Plaintiff United States:

Erin Murdock-Park
David Stoltzfus
Benjamin Able
U.S. Department of Justice
450 Fifth Street NW
Washington, DC 20530
Erin.Murdock-Park@usdoj.gov
David.Stoltzfus@usdoj.gov
Benjamin.Able@usdoj.gov
For Plaintiff State of Maryland:

Schonette J. Walker,
Maryland Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
swalker@oag.state.md.us
For Plaintiff State of Illinois:

Richard S. Schultz
Office of the Illinois Attorney General
115 S. LaSalle Street, Floor 23
Chicago, IL 60603
Richard.Schultz@ilag.gov

For Plaintiff State of New Jersey:

24

Yale A. Leber
New Jersey Office of Attorney General
Division of Law
124 Halsey Street – 5th Floor
Newark, NJ 07102
Yale.Leber@law.njoag.gov

For Plaintiff State of New York:

Saami Zain
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
Saami.Zain@ag.ny.gov

For Defendant UnitedHealth Group Incorporated:

Matt Reilly
Michael F. Williams
Rich Cunningham
Catie Ventura
T.J. McCarrick
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
matt.reilly@kirkland.com
michael.williams@kirkland.com
anna.rotman@kirkland.com
winn.allen@kirkland.com
rich.cunningham@kirkland.com
jeffrey.ayer@kirkland.com
catie.ventura@kirkland.com
tj.mccarrick@kirkland.com

Anthony W. Swisher
Iain R. McPhie
Matthew Adler
Baker Botts L.L.P.
700 K Street, N.W.
Washington, DC  20001

anthony.swisher@bakerbotts.com
iain.mcphie@bakerbotts.com
matthew.adler@bakerbotts.com

For Defendant Amedisys, Inc.:

Andrew C. Finch
Katherine B. Forrest
Geoffrey Chepiga
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
afinch@paulweiss.com
kforrest@paulweiss.com
gchepiga@paulweiss.com

Joshua H. Soven
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047
jsoven@paulweiss.com

Preston Miller
Sara Y. Razi
Simpson Thacher & Bartlett LLP
900 G Street NW
Washington, DC 20001
preston.miller@stblaw.com
sara.razi@stblaw.com

James P. Ulwick
Kramon & Graham, P.A.
750 East Pratt Street, Suite 1100
Baltimore, Maryland 21202
julwick@kg-law.com

For purposes of calculating discovery response times, electronic delivery at the time the email was received will be treated in the same manner as hand delivery at that time. However, for any service other than service of court filings, email service that is delivered after 5:00 p.m. Eastern Time, while still timely, will be treated as if it was served the following business day for the purpose of calculating response time.

31.     [[Timely Production of Evidence Concerning Remedy.

*Plaintiffs' proposed language regarding timely production of divestiture evidence*

Defendants shall produce relevant, non-privileged evidence (to the extent it exists) related to efforts to address or remedy antitrust

violations alleged with respect to the Proposed Transaction, whether by agreeing to divest assets, or by making any other agreement, offer, or commitment in a timely manner. If Plaintiffs have deposed any Party or non-Party witness relevant to the newly produced evidence, Plaintiffs shall be entitled to re-open that witness's deposition in order to depose them solely on newly produced evidence.

Evidence related to efforts to address or remedy antitrust violations alleged with respect to the Proposed Transaction, whether by agreeing to divest assets, or by making any other agreement, offer, or commitment will be excluded under Federal Rule of Evidence 403 as unfairly prejudicial to the United States, unless Defendants produce all such evidence including copies of any agreement(s), offer(s), or commitment(s) related to any proposed remedy by no later than 45 days prior to the close of fact discovery.

Notwithstanding any other part of this Order, if, after the filing of this proposed case management order, Defendants decide to litigate the lawfulness of the Proposed Transaction with a proposed or actual remedy or through the sale of assets to a purchaser of divested assets not previously disclosed in accordance with this case management order, or to modify any aspects of a proposed or actual remedy, Plaintiffs will be entitled to additional commensurate discovery, including third-party discovery. Because the nature and amount of the additional discovery, including the need for additional time to conduct such additional discovery, is unknown at this time, the Parties agree to meet and confer in good faith at the time of a proposed remedy to present to the Court jointly proposed modifications to the limitations contained in this Order. If the Parties are unable to resolve any dispute related to such modification, they shall file a joint letter brief, providing a clear, concise description of the issues in dispute and proposing dates and times for a teleconference to discuss those issues.

***Defendant's proposed language regarding timely production of divestiture evidence:***

If evidence related to UHG and Amedisys's efforts to divest certain home health or hospice assets, or otherwise address or remedy the alleged antitrust violation at issue in this action, is produced to Plaintiffs after any supplemental discovery period, the Parties shall meet and confer to determine whether additional discovery relating to such evidence may be appropriate and seek to modify this Order accordingly.  Further, the Parties will meet and confer about the nature of such evidence, and if the Parties cannot reach resolution, then any of the Parties may seek relief from the Court.]]

27

**32.    Nationwide Service of Trial Subpoenas.** To assist the Parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this Action outside this District, the Parties are permitted, under 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

**33.    Modification of Scheduling and Case Management Order.** Modifications of the rights and responsibilities of the Parties under this Order may be made by mutual agreement of the Parties, provided any such modification has no effect on the schedule for pretrial filings or trial dates.  Otherwise, any Party may seek modification of this Order for good cause.

ORDERED:

_____
Honorable Judge James K. Bredar
United States District Judge

Dated this _____ day of _____, 2025