IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA, et al.,    *

      Plaintiffs,    *

v.    *    **CIVIL NO. JKB-24-3267**

UNITEDHEALTH GROUP
INCORPORATED, et al.,    *

      Defendants.    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff States' Motion to Proceed Without Association of Local Counsel. (ECF No. 84.) The Plaintiffs in this matter are the United States and the States of Maryland, Illinois, New Jersey, and New York. In the pending Motion, the States of Illinois, New Jersey, and New York seek to proceed in this matter without the association of local counsel. The Motion will be granted.

The Local Rules provide a mechanism whereby attorneys who are not admitted to the Bar of this Court may be admitted pro hac vice to appear and participate as counsel in a particular civil case, and Local Rule 101.1(b)(i) provides in part that "[a]ny party represented by an attorney who has been admitted pro hac vice must also be represented by an attorney who is, and continuously remains, an active member in good standing of the Bar of this Court who shall sign all documents and, unless excused by the presiding judge, be present at any court proceedings." Local Rule 604 provides that "[f]or good cause shown, the Court may, in a particular case, suspend the provisions of any of these Rules upon application of a party or upon its own motion and may order proceedings in accordance with its direction."

Plaintiffs explain that "supervising, managing, and monitoring local counsel would impose

significant administrative burdens on Plaintiff States, which are public entities operating with constrained resources." (ECF No. 84 at 3.) They also point to the involvement of the State of Maryland—the attorneys for which are members of the Bar of this Court—and of the United States—the attorneys for which are not required to seek pro hac vice admission under the Court's Local Rules.[1] (*Id.*) Plaintiffs also represent that counsel for the United States—rather than counsel for any of the States—are leading this matter. (*Id.* at 4.)

Given the unique circumstances of this case, wherein the United States and the State of Maryland are also Plaintiffs, the Court concludes that the States of Illinois, New Jersey, and New York may proceed without the association of local counsel.

Accordingly, it is ORDERED that the Motion (ECF No. 84) is GRANTED.

DATED this 21 day of January, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

---

[1] Local Rule 701.1(b) provides that "[a]n attorney who is a . . . federal government lawyer, is qualified for admission to the Bar of this District for purposes relating to her or his employment if the attorney is an active member in good standing of the highest court of any state (or the District of Columbia); is of good private and professional character; is familiar with the Code of Professional Responsibility, the Federal Rules of Civil Procedure and Criminal Procedure, the Federal Rules of Evidence, the Federal Rules of Appellate Procedure, and these Local Rules."