# EXHIBIT 2

| | |
|---|---|
| **From:** | Murdock-Park, Erin (ATR) |
| **To:** | Langenkamp, Travis J.; Stoltzfus, David (ATR); Murdock-Park, Erin (ATR); Riblet, Sarah (ATR); Orfield, Sonia (ATR) |
| **Cc:** | Reilly, Matt; Ayer, Jeffrey; Cheung, Psalm; Taylor, Lauren; *jsoven@paulweiss.com; anthony.swisher@bakerbotts.com; Matthew.Adler@bakerbotts.com; Sara.Razi@stblaw.com; Preston.Miller@stblaw.com; Williams, Michael F.; Rotman, Anna G.; Allen, Winn; Forrest, Katherine B; Jonathan.Corsico@stblaw.com; Goodchild, Benjamin; Veeraraghavan, Krishna; Kett, Andrew; Chepiga, Geoffrey; swalker@oag.state.md.us; Byron Warren; Richard.Schultz@ilag.gov; john.milligan@ilag.gov; jennifer.coronel@ilag.gov; Yale Leber; Isabella.Pitt@law.njoag.gov; Leslie Prentice; Saami.Zain@ag.ny.gov; Cunningham, Rich; McCarrick, T.J.; Prostko, Sarah J |
| **Subject:** | RE: United States, et al. v. UnitedHealth Group Inc., et al., No. 1:24-cv-03267-JKB (D. Md.) |
| **Date:** | Thursday, January 23, 2025 9:41:00 AM |
| **Attachments:** | 2025.01.23 - ltr to Williams.pdf |
| | 2025.01.23 - proposed joint letter to the court.pdf |

Counsel,

Please see the attached.

Best,
Erin

Erin Murdock-Park (she/her/hers)
Tel. 202-445-8082

This message may contain privileged and/or confidential communications and should be read only by the intended recipient. If you believe you have received this message in error, please delete it and contact the sender.

---

**From:** Langenkamp, Travis J. <travis.langenkamp@kirkland.com>
**Sent:** Tuesday, January 21, 2025 10:18 PM
**To:** Stoltzfus, David (ATR) <David.Stoltzfus@usdoj.gov>; Murdock-Park, Erin (ATR) <Erin.Murdock-Park@usdoj.gov>; Riblet, Sarah (ATR) <Sarah.Riblet@usdoj.gov>; Orfield, Sonia (ATR) <Sonia.Orfield@usdoj.gov>
**Cc:** Reilly, Matt <matt.reilly@kirkland.com>; Ayer, Jeffrey <jeffrey.ayer@kirkland.com>; Cheung, Psalm <psalm.cheung@kirkland.com>; Taylor, Lauren <lauren.taylor@kirkland.com>; *jsoven@paulweiss.com <jsoven@paulweiss.com>; anthony.swisher@bakerbotts.com; Matthew.Adler@bakerbotts.com; Sara.Razi@stblaw.com; Preston.Miller@stblaw.com; Williams, Michael F. <mwilliams@kirkland.com>; Rotman, Anna G. <anna.rotman@kirkland.com>; Allen, Winn <winn.allen@kirkland.com>; Forrest, Katherine B <kforrest@paulweiss.com>; Jonathan.Corsico@stblaw.com; Goodchild, Benjamin <bgoodchild@paulweiss.com>; Veeraraghavan, Krishna <kveeraraghavan@paulweiss.com>; Langenkamp, Travis J. <travis.langenkamp@kirkland.com>; Kett, Andrew <andrew.kett@kirkland.com>; Chepiga, Geoffrey <gchepiga@paulweiss.com>; swalker@oag.state.md.us; Byron Warren <bwarren@oag.state.md.us>; Richard.Schultz@ilag.gov; john.milligan@ilag.gov; jennifer.coronel@ilag.gov; Yale Leber <Yale.Leber@law.njoag.gov>; Isabella.Pitt@law.njoag.gov; Leslie Prentice <leslie.prentice@law.njoag.gov>; Saami.Zain@ag.ny.gov; Cunningham, Rich <rich.cunningham@kirkland.com>; McCarrick, T.J. <tj.mccarrick@kirkland.com>; Prostko, Sarah J <sprostko@paulweiss.com>
**Subject:** [EXTERNAL] United States, et al. v. UnitedHealth Group Inc., et al., No. 1:24-cv-03267-JKB

(D. Md.)

Counsel-

Please see the attached correspondence.

Regards,
Travis

**Travis J. Langenkamp**
Case Manager
------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W., Washington, D.C. 20004
**T** +1 202 389 5329   **M** +1 202 352 2125   **F** +1 202 389 5200
------------------------------------------------------------
travis.langenkamp@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.



U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

January 23, 2025

*Via Electronic Mail*

Michael F. Williams, P.C.
Kirkland & Ellis LLP
1301 Pennsylvania Ave. NW
Washington, DC 20004

   Re: Case No. 1:24-cv-3267, *United States, et al. v. UnitedHealth Group Incorporated & Amedisys, Inc.* (D. Md.)

Dear Mr. Williams,

  I write in response to your January 21, 2025 letter regarding the potential resolution of Defendants' pending motion to dismiss. In your letter, you inquire whether Plaintiffs would be amenable to identifying by January 27, 2025 (or another date), for areas known to be at issue when the complaint was filed, "the scope of the geographic markets (e.g., counties or other defined geographic areas) where Plaintiffs currently contend the transaction would result in a substantial lessening of competition" for home health services, hospice services, and labor-market competition.

  As you know, on January 7, 2025, in an attempt to avoid unnecessary motions practice before the Court, Plaintiffs offered to provide Defendants "by January 31[, 2025] (i) for home health and hospice markets, the branch ID/agency IDs located in the presumptively unlawful markets alleged in the complaint as well as the 75% and 90% service areas around those branches/agencies, and (ii) for labor markets, the branch ID/agency IDs located in the presumptively unlawful markets alleged in the complaint as well as the county or set of counties making up the 75% and 90% commuting areas for the parties' nurses." Jan. 7, 2025 Email from E. Murdock-Park to T. McCarrick.

  Your January 21, 2025 letter appears to seek information that Plaintiffs have already offered to provide. In an attempt to resolve this issue without further Court involvement, Plaintiffs remain willing to provide the information that they offered to provide on January 7,

1

2025, and will agree to do so on January 29, 2025, the date that Plaintiffs' response to the motion to dismiss is due. For clarity, Plaintiffs note that the home health and hospice service areas around the branches and agencies listed in the complaint include counties at issue using either the 75% service area and/or the 90% service area, as both were used to identify locations in the complaint. Plaintiffs agree to provide this factual information underpinning the allegations in the complaint while reserving all rights to adjust these geographic markets following fact and expert discovery. Plaintiffs also reiterate that this information is not intended to be, and should not be considered as, an opinion of any expert.

      Plaintiffs would agree to provide the above-referenced information on January 29, 2025 if Defendants agree to (1) withdraw their motion to dismiss on or before 5 p.m. on January 24, 2025, and (2) consent to the filing, also by 5 p.m. on January 24, 2025, a joint letter to the Court, in the form attached here, explaining that the parties have resolved their dispute on geographic markets, both as to the motion to dismiss and as to paragraph 12 of the proposed Case Management Order. We also propose that, if we reach the foregoing agreement, Defendants would agree to answer the complaint on or before February 7, 2025.

      Because the deadline for us to respond to your motion to dismiss is now less than one week away, we request that you let us know as soon as possible, and no later than close of business on January 23, 2025, whether you agree to this proposal and, if so, whether you propose any changes to the joint letter.

      Sincerely,

/s/ Erin K. Murdock-Park
Erin K. Murdock-Park
Senior Litigation Counsel
U.S. Department of Justice,
Antitrust Division

Enclosure

CC:    Counsel of Record

**Via ECF**

The Honorable James K. Bredar
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

                Re:    *United States v. UnitedHealth Group, Inc.*, No. 1:24-cv-1234, Proposed Case Management Order

Dear Judge Bredar:

      This joint letter is submitted by the parties in the above-captioned matter to inform the Court of the parties' resolution of the geographic market issue underlying Defendants' January 8, 2025 motion to dismiss (ECF No. 75) and paragraph 12 of the proposed Case Management Order. (*See* ECF No. 72-1 at ¶ 12; ECF No. 73 pp. 10–13). Plaintiffs' response to the motion to dismiss is due on January 29, 2025, (ECF No. 88), but the parties agree the motion is now moot, obviating the need for any further briefing.

      On January 21, 2025, Defendants, in the interest of resolving their pending motion to dismiss, asked if Plaintiffs would agree to provide "the scope of the geographic markets (e.g., counties or other defined geographic areas) where Plaintiffs currently contend the transaction would result in a substantial lessening of competition" for home health services, hospice services, and labor-market competition. Defendants asked Plaintiffs to provide this information by January 27, 2025 (or another date), and only for alleged geographic markets known to be at issue when the complaint was filed.

      In response, Plaintiffs reiterated their January 7, 2025 offer to provide to Defendants "(i) for home health and hospice markets, the branch ID/agency IDs located in the presumptively unlawful markets alleged in the complaint as well as the 75% and 90% service areas around those branches/agencies, and (ii) for labor markets, the branch ID/agency IDs located in the presumptively unlawful markets alleged in the complaint as well as the county or set of counties making up the 75% and 90% commuting areas for the parties' nurses." Plaintiffs agreed to provide that information to Defendants on January 29, 2025, if it would resolve the parties' pending disputes about geographic market. Plaintiffs also clarified to Defendants that the home health and hospice service areas around the branches and agencies listed in the complaint include counties at issue using either the 75% service area and/or the 90% service area (*i.e.*, areas encompassing at least 75% or 90% of patients served by a location), as both were used to identify locations in the complaint. In agreeing to provide this information underlying the allegations in the complaint, Plaintiffs reserved all rights to adjust the exact boundaries of these geographic markets following fact and expert discovery and noted that the information provided is not intended to be, and should not be considered as, an opinion of any expert.

With Plaintiffs' agreement to provide the information outlined above on January 29, 2025, the parties agree that Defendants' motion to dismiss (ECF No. 75) is now moot. As well, the parties agree that their dispute on proposed paragraph 12 of the proposed Case Management Order (ECF No. 72-1) is moot. The parties further agree that Defendants shall file an answer to the Complaint on or before February 7, 2025. Should the Court find a status conference on this issue, or the Case Management Order, useful, the parties are available at the Court's convenience.

Sincerely,

/s/ Erin K. Murdock-Park
Erin K. Murdock-Park
*Senior Litigation Counsel*
*U.S. Department of Justice,*
*Antitrust Division*

_____
NAME
Kirkland & Ellis LP
*Attorney for UnitedHealth Group Incorporated*

_____
NAME
Paul, Weiss, Rifkind, Wharton & Garrison LLP
*Attorney for Amedisys*