

**U.S. Department of Justice**

Antitrust Division

*Liberty Square Building*
*450 5th Street, N.W.*
*Washington, DC 20530*

February 15, 2025

***Via ECF***

The Honorable Judge James K. Bredar
U.S. District Court for the District of Maryland
101 W. Lombard Street
Baltimore, MD 21201

      Re: Case No. 1:24-cv-3267, *United States, et al. v. UnitedHealth Group Incorporated & Amedisys, Inc.* (D. Md.), Response to Defendant Amedisys's Letter to Chambers (ECF No. 102)

Dear Judge Bredar,

      We write in brief response to Defendant Amedisys's letter of February 13, 2025 (ECF No. 102), informing the Court that Amedisys intends to file a motion to stay Count II of the Complaint, which includes the United States's claim that Amedisys violated the law by submitting an erroneous and inaccurate certification of compliance pursuant to Section 7A of the Clayton Act, 15 U.S.C. § 18a. (*See* ECF No. 1 ¶¶ 78–89). Defendant Amedisys also offers that the parties could address this yet-to-be-filed motion during the upcoming February 20, 2025 status conference. (ECF No. 102 at 2).

      As Amedisys correctly explained, the United States opposes any such a motion. Moreover, considering the timing of the motion and its import that parties are required to comply with Section 7A of the Clayton Act, the United States respectfully requests the time permitted under the Local Rules to review and respond to the motion, with any hearing that the Court finds beneficial to occur thereafter, rather than addressing Amedisys's motion during the February 20, 2025 conference before the United States has had full opportunity to respond.

      The United States notes that the Complaint was filed on November 12, 2024. (ECF No. 1). At no time prior to February 12, 2025 did Amedisys suggest to the United States that it wished to stay Count II of the Complaint, nor did Amedisys offer bifurcated proceedings during

1

negotiations for the proposed Case Management Order and schedule filed on January 3, 2025. (*See* ECF No. 72-1). Instead, Amedisys waited until a week before the upcoming scheduling conference to first raise the possibility of staying discovery into Amedisys's erroneous and inaccurate certification of compliance with its obligations under Section 7A of the Clayton Act during the United States's investigation preceding this lawsuit.

Amedisys has not shared its forthcoming motion prior to filing. From the little that the United States knows about the forthcoming motion based on an email and a brief meet and confer, however, it appears that Amedisys seeks to improperly shoehorn either a Rule 21 misjoinder motion or a Rule 42(b) bifurcation motion into a motion to stay. Either rationale would be flawed. But no matter how the motion is styled, delaying discovery and a trial into the Section 7A claim would not promote case efficiency nor conserve this Court's time. The events giving rise to Count II of the Complaint are inextricably intertwined with the Defendants' proposed merger: Documents produced during the Second Request, for which Amedisys falsely certified compliance, relate to the merger itself and to the industries that are affected by the Defendants' proposed illegal merger. And because of the closely related nature of the claims, Amedisys will suffer no prejudice through simultaneous discovery into its erroneous and inaccurate certification alongside discovery into the underlying merits of the anticompetitive merger challenged by Plaintiffs' Complaint.

Irrespective of the relative merits of each side's positions, the United States asserts that it would be premature and inefficient to consider this forthcoming motion at the upcoming February 20, 2025 status conference before full briefing. The United States respectfully requests time to fully respond in accordance with the Local Rules or other briefing schedule ordered by the Court.

Respectfully,

/s/ Erin K. Murdock-Park
Erin K. Murdock-Park
Senior Litigation Counsel
U.S. Department of Justice,
Antitrust Division