# EXHIBIT C

Simpson Thacher & Bartlett LLP

900 G STREET, NW
WASHINGTON, D.C. 20001

_____

TELEPHONE: +1-202-636-5500
FACSIMILE: +1-202-636-5502

Direct Dial Number                                                          E-mail Address
+1-202-636-5822                                              Preston.miller@stblaw.com

<u>**CONFIDENTIAL TREATMENT REQUESTED**</u>
<u>**CONFIDENTIAL**</u>

<u>VIA EMAIL</u>

Serajul F. Ali
Giancarlo R. Ambrogio
Antitrust Division, U.S. Department of Justice
450 Fifth Street, NW, Suite 4100
Washington, DC 20530
Phone: 202-598-2978
serajul.ali2@usdoj.gov
gchepiga@paulweiss.com

February 12, 2025

Re:    *U.S. v. UnitedHealth Group Inc. and Amedisys, Inc.*, No. 24-cv-03267-JKB

Dear Serj:

We write on behalf of Amedisys, Inc. ("Amedisys") in relation to the above-captioned matter, in response to the Plaintiffs' February 7, 2025 letter (the "Letter") and in furtherance of our calls on February 3 and 5 regarding Amedisys' Objections and Responses to Plaintiffs' First Requests for Production of Documents to Amedisys (the "RFPs"). To the extent that this letter does not specifically respond to or address a topic raised in your Letter, it is because we do not read the topic as relating to an open area of dispute. If Plaintiffs disagree and believe there is an open dispute regarding one of these topics, we are glad to discuss further.

**A. General Objections**

   a. <u>Date Range for Responsive Documents</u>

Broadly speaking, for requests that call for the production of custodial documents (i.e., Requests Nos. 1, 10, 11, 13, 15, 18, 21, 22, 23, 26, 29, 34, 43, 44, and 45), Amedisys will search for and produce documents from January 13, 2022 (three years prior to the date the RFPs were served) to November 12, 2024 (the cutoff date for non-divestiture related Requests). However, for Requests or portions of Requests that overlap with Second Request specifications, for those individuals that were Second Request custodians, Amedisys will search for and produce documents from only July 1, 2024

through November 12, 2024.  In all cases, the cutoff date is subject to the below regarding the cutoff date for Divestiture-related document requests.

Furthermore, the Letter notes that "Plaintiffs had never received a final answer on whether any missing emails from May–June 2023 were permanently 'lost,' whether Amedisys had retrieved any additional emails, or whether Amedisys received any new information from Aurea."  Amedisys confirms that it has not retrieved any of the missing emails from Aurea since responding to the Second Request.

b. <u>Document Cutoff Date</u>

Plaintiffs' Letter articulates only one concern regarding Amedisys' proposed cutoff date of November 12, 2024, which is that it would "result in the omission of documents relating to the evolving divestiture."  To address this concern, Amedisys will agree to an alternative cutoff date for RFPs relating to the Divestiture, Divestiture Purchaser, and/or Divestiture Asset (i.e., Request Nos. 4, 5 8, 36-42), for documents to be produced from divestiture custodians (i.e., custodians Matthew Crapanzano, Nick Muscato, Richard Ashworth, Scott Ginn).  For documents beyond November 12, 2024 produced in response to these divestiture-related Requests, Amedisys will discuss further with Plaintiffs the intended strategy for identifying responsive documents from the listed divestiture custodians.  Amedisys notes that the broader TAR model being used to identify and responsive documents across the entire set of RFPs cannot be used to identify documents responsive only to divestiture related Requests, so a narrower approach will be proposed.

The Letter does not specify any concerns with respect to the November 12, 2024 cutoff date proposed by Amedisys in Amedisys' Responses and Objections to the RFPs other than that this cutoff date would result in the omission of documents relating to the "evolving divestiture," and as such Amedisys hopes that this compromise will satisfy Plaintiffs' concern.

c. <u>Other General Objections</u>

For Requests 7 and 8, Amedisys will produce non-privileged responsive documents identified based on a reasonable search, that are within Amedisys' possession, custody, or control.  For Requests 27, 32, 56, and 57, please see below.

**B. Objections to RFP Instructions**

a. <u>Amedisys' Instruction Objection No. 1 – Deviation from Fed. R. Civ. P.</u>

We propose the following which we believe is sufficient under the Federal Rules and is largely consistent with Instruction 9.  If you believe additional information, beyond what we propose below, is required to assess our privilege claims, we would be happy to discuss.

Amedisys will provide a log in Excel format that identifies the following for each document withheld in whole or in part on the basis of privilege (with the exception of those communications that are exempt under the CMO):

a. The nature of the privilege or protection that is being claimed;

b. Whether the document is being withheld or redacted;

c. The following metadata fields:

    1. Author

    2. To

    3. From

    4. CC

    5. BCC

    6. Date

    7. File type (pdf, excel, msg)

    8. Bates range, where applicable

    9. Family Bates range, where applicable

    10. Custodians;

d. A description of the nature of the document in a manner that, without revealing information itself privileged or protected, will enable Plaintiffs to assess the claim;

e. To the extent practicable, the name of the attorney whose work gives rise to the privilege claim.

Amedisys will log wholly privileged or redacted attachments separately. Amedisys will provide a separate index containing a list of each name on the Privilege Log, along with company affiliations, and will denote the individuals who are attorneys. To the extent you require the title of any particular Amedisys employee in order to assess the privilege claim of a document, we will provide that information as requested on a case-by-case basis. Likewise, to the extent you require the members of group or email lists in order to assess the privilege claim of a document, we will provide that information as requested on a case-by-case basis, to the extent reasonably practicable.

Amedisys does not intend to log wholly privileged or redacted documents that are to, from or copying attorneys at Simpson Thacher & Bartlett LLP, or Paul, Weiss, Rifkind, Wharton & Garrison.

b. <u>Amedisys' Instruction Objection No. 3 – Metadata</u>

Amedisys agrees to produce documents with the same metadata fields that were included with Amedisys' prior productions in response to the Second Request (provided

such metadata fields are populated).  Should Plaintiffs wish to discuss the production of any specific additional metadata fields, Amedisys will discuss further with Plaintiffs.

c.  Amedisys' Instruction Objection No. 4 – Hard Copy Documents & Texts

Amedisys maintains its Objection No. 4 to the extent Plaintiffs' demand the production of the entire contents of a "document" or item that contains discrete portions of clearly non-responsive material.  Amedisys will not commit to produce the entirety of such a document or item.  However, Amedisys agrees to produce non-privileged responsive hard copy materials that are identified upon a reasonable search, along with sufficient context to allow Plaintiffs to understand and interpret the responsive materials. Amedisys further agrees to apprise Plaintiffs to the extent Amedisys does not produce entire compendiums or notebooks of hard copy materials for specific custodians.

Amedisys agrees to produce text messages identified as responsive along with messages on the same communication chain within a 24-hour period containing the responsive communication(s) as requested by Plaintiffs.  However, Amedisys will reserve the ability to deviate from this strict 24-hour approach, which is not required by the Fed. R. Civ. P., in the event the 24-hour block would otherwise result in the production of personal, intimate or embarrassing non-business-related communication (as Plaintiffs know, Amedisys does not issue phones, so custodians use their own devices for business-related communications in some cases, which may result in a mixture of personal and work related text messages).

d.  Amedisys' Instruction Objection No. 6 – Documents Amedisys is Unable to Produce

This objection mirrors Amedisys' objection to Instruction No. 2.  If documents are not within Amedisys' possession, custody or control, we would object to an Instruction that requires Amedisys to describe each such document.

## C.  Objections to RFP Definitions

a.  Amedisys' Objection to Definition No. 4 – "Agreement"

Amedisys will produce non-privileged Agreements or documents relating to Agreements that are relevant to claims or defenses, to the extent such documents are identified upon a reasonable search.

b.  Amedisys' Objection to Definition No. 13 – "Communications"

Amedisys will collect voicemails and voice messages from custodians, and will produce non-privileged responsive voicemails and voice messages identified after a reasonable search and review, for a reasonable number of custodians (to be discussed with Plaintiffs).

c. Amedisys Objections to Definitions Nos. 18, 19, 20 – "Divestiture," "Divestiture Asset," and "Divestiture Purchaser"

Amedisys proposes to interpret "Divestiture," "Divestiture Asset," and "Divestiture Purchaser," according to the below definitions.

- Amedisys will interpret "Divestiture" to refer to any actual or considered divestiture, sale, license, transfer, assignment or other disposition of divestiture assets of UHG or Amedisys to any Divestiture Purchaser that can be identified based on a reasonable investigation of the information and files maintained by the persons primarily involved in the Divestiture process at Amedisys.

- Amedisys will interpret "Divestiture Asset" as an asset that was actually or considered to be proposed to a Divesture Purchaser that can be identified based on a reasonable investigation of the information and files maintained by the persons primarily involved in the Divestiture process at Amedisys.

- Amedisys will interpret "Divestiture Purchaser" to refer to any entity considered or solicited to purchase Divestiture Assets that can be identified based on a reasonable investigation of the information and files maintained by the persons primarily involved in the Divestiture process at Amedisys.

Amedisys is not aware at this time of any documents that we would otherwise produce that we would withhold on the basis of any disagreement about these definitions. As Plaintiffs know, Amedisys is utilizing TAR to identify responsive documents for non-7A-related "all documents" requests, and to the extent that we come across documents that relate to the divestiture or divestiture purchasers, we will consider them responsive. We would not withhold or mark as non-responsive documents related to the divestiture or divestiture purchasers because they are not, e.g., formal written proposals from a potential divestiture purchaser. The spirit of this objection relates to the scope of the request and what Amedisys can realistically identify and produce, which are written documents that can be identified as responsive based on a reasonably diligent search and review.

d. Amedisys' Objections to Definitions Nos. 22, 23, 29, 44 – "Home Health," "Hospice," "Payer," and "Senior Management"

Amedisys does not maintain specific ordinary course definitions for these terms. They are used by Amedisys in the ordinary way a person familiar with the industry would understand them. Amedisys intends to use the same general understanding in identifying and producing documents in response to the RFP.

e. Amedisys' Objection to Definition No. 30 – "Person"

Amedisys will produce non-privileged responsive documents identified based on a reasonable search, that are within Amedisys' possession, custody, or control. Amedisys will not withhold any documents, including communications by Amedisys custodians with any third parties such as "divestiture purchasers or outside contractors") on the basis of this objection. Amedisys will not search the document repositories of such third-party

Persons, such as "divestiture purchasers or outside contractors" directly, as such documents are not within Amedisys' possession, custody, or control.

    f.   Amedisys' Objection to Definition No. 33 – "Plans"

Amedisys plans to interpret the term "Plans" as it would be understood in ordinary parlance. Documents will not be produced if they do not constitute a responsive "plan" and are otherwise not responsive to the First Requests for Production.

    g.   Amedisys' Objections to Definition No. 36 – "Reimbursement Rate"

Amedisys does not maintain specific ordinary course definitions for this term. It is used by Amedisys in the ordinary way a person familiar with the industry would understand it. Amedisys intends to use the same general understanding in identifying and producing documents in response to the RFP. This definition will not be limited to home health services negotiated with Medicare Advantage payers to the exclusion of any other payer types. Amedisys does not anticipate any documents will be excluded based on this definition.

    h.   Amedisys' Objections to Definitions No. 38, 39, 40, 41 – "Relevant Area," "Relevant Worker," "Relevant Insurance Product," and "Relevant Service"

Amedisys does not object to the definitions "Relevant Area," "Relevant Insurance Product," "Relevant Service," and "Relevant Worker" on the basis of how Plaintiffs have defined them. Rather, Amedisys objects to the extent that these are legal conclusions, which Amedisys does not adopt. Amedisys does not anticipate withholding any documents or data on the basis of this objection, but reserves the right to limit responses to data-related RFPs to the geographic areas alleged in the Complaint should production of certain databases or data sets for the entire United States result in undue burden that is not proportional to the needs of the case. If Amedisys does intend to withhold any data on this basis, we will communicate this to Plaintiffs and are glad to discuss further.

## D. Objections to Individual Requests

    a.   Amedisys' Objection to RFP Request No. 7

Plaintiffs' RFP Request No. 7 calls for a copy of any modification, addendum, or amendment to the Purchase Agreement dated June 28, 2024. Plaintiffs will receive these agreements between UnitedHealth Group Inc. ("UHG") and VCG Luna, LLC in response to Plaintiffs' RFPs to UHG. Plaintiffs have not articulated any reason for which they require Amedisys to produce a duplicative version of this UHG Agreement. However, should Amedisys identify after a reasonable search any non-privileged documents responsive to this Request No. 7 that Amedisys unique possesses, Amedisys will produce them.

    b.   Amedisys' Objection to RFP Request No. 8

As with RFP 7, Plaintiffs' RFP 8 seeks a copy of an Agreement and related modifications to which UHG is a party, and Plaintiffs' will receive these materials from

UHG in response to Plaintiffs' duplicative RFPs to UHG.  In any case, Amedisys has produced to Plaintiffs a copy of the termination of purchase agreement letter to VitalCaring to Plaintiffs.

    c.  <u>Amedisys' Objections to RFP Requests Nos. 9, 12, 13, 14, 15, 21, 25, 33, 34 – Undefined Terms</u>

Amedisys will not withhold any documents on the basis of its objections to ambiguous terms used in Requests Nos. 12, 13, 14, 15, 21, 25, 33, 34 of the RFPs, and does not expect that these objections will affect the documents Amedisys produces in response to these RFPs.

    d.  <u>Amedisys' Objections to RFP Requests Nos. 27, 30, 31, 32, 56, 57 – RFPs More Property Presented as Interrogatories</u>

Amedisys maintains its objections that the above-listed RFP Requests are more properly posed as interrogatories without making use of Plaintiffs' interrogatories. However, Amedisys has already agreed to respond to RFPs 30 and 31—for these requests, to the extent we identify, based on a reasonable search, non-custodial information that contains information responsive to these requests, Amedisys will produce the responsive, non-privileged information from that source.  With respect to RFPs 27, 30, 31, 32, 56, and 57, which seek "all" documents and data related to specific statements made in white papers and presentations made to the Department of Justice in 2024, Amedisys refers Plaintiffs to its productions made to DOJ during the Second Request and any submissions accompanying these papers.

    e.  <u>Amedisys' Objections to RFP Requests Nos. 27, 30, 31, 32, 56, 57 – RFPs Posed Without Regard to Custodian</u>

As noted above, with respect to RFPs 27, 30, 31, 32, 56, and 57, which seek "all" documents and data related to specific statements made in white papers and presentations made to the Department of Justice in 2024, Amedisys refers Plaintiffs to its productions made to DOJ during the Second Request and any submissions accompanying these papers.

    f.  <u>Amedisys' Objections to RFP Requests Nos. 43, 44, 45</u>

Amedisys will produce responsive documents identified based on a reasonable search, that are within Amedisys' possession, custody, or control, and that are not privileged or subject to another legal protection (e.g., the attorney work product protection).  Amedisys will not withhold any documents, including communications by Amedisys custodians with any third parties such as Aurea on the basis of Amedisys' objection noting that we will not collect, review, or produce documents held by third party Persons, provided they are also within Amedisys' possession, custody, or control (i.e., involving an Amedisys custodian).  However, Amedisys will not search the document repositories of such third-party Persons (e.g., Paul, Weiss; KLDiscovery; and Aurea), as such documents are not within Amedisys' possession, custody, or control.  Amedisys cannot at this time agree in advance whether to consent to the release of any documents possessed by Paul, Weiss; KLDiscovery and Aurea.  Rather, Amedisys will assess any

==specific requests to do so in the context of any subpoenas issued by DOJ and the potentially responsive documents that they may call for.==

## E. ESI and TAR Issues

a. <u>Standard Specifications Section 2.1</u>

Amedisys agrees to produce metadata fields comparable to "txt-participants" and "txt-thread-group." With respect to text messages, as discussed above, Amedisys agrees to produce text messages identified as responsive along messages on the same communication chain within a 24-hour period containing the responsive communication(s) as requested by Plaintiffs. However, Amedisys will reserve the ability to deviate from this strict 24-hour approach, which is not required by the Fed. R. Civ. P., in the event the 24-hour block would otherwise result in the production of personal, intimate or embarrassing non-business-related communication (as Plaintiffs know, Amedisys does not issue phones, so custodians use their own devices for business-related communications in some cases, which may result in a mixture of personal and work related text messages).

b. <u>Standard Specifications Sections 2.25</u>

Amedisys agrees to engage further with Plaintiffs to explain the intended approach with respect to files hyperlinked in emails, and will disclose its intended approach before producing documents.

c. <u>Standard Specifications Section 4</u>

Amedisys agrees not to use an "inclusive-only" method for production of email documents.

d. <u>Additional Issues Relating to ESI Protocol Not Discussed During the Call</u>

- With respect to PowerPoint files, Amedisys agrees to produce .TIFF images and native files.

- Amedisys will populate a field with "privileged" or "redacted" where applicable.

- Amedisys agrees to make reasonable efforts to produce encrypted files requested by Plaintiffs as promptly as reasonably practicable, to the extent we are able to decrypt them.

- Amedisys agrees to make reasonable efforts to produce color hardcopy files requested by Plaintiffs as promptly as reasonably practicable.

- Amedisys will produce a revised custodian overlay file with each document production tranche to Plaintiffs, once the final set of custodians is established.

- Amedisys will stamp all materials produced to Plaintiffs with any confidentiality designation required by the Protective Order.

- Amedisys will make reasonable efforts to produce a privilege log to Plaintiffs as promptly as reasonably practicable after completion of its document productions in response to the RFPs. Amedisys does not agree to provide privilege logs to Plaintiffs on a rolling basis, which is not required by the Federal Rules or Applicable Law.

    e. <u>Amedisys' TAR Proposal</u>

Amedisys currently intends to utilize a 70% target recall rate for TAR models determining responsiveness for documents to be produced in response to the RFPs. As discussed with Plaintiffs, Amedisys is creating two new TAR models to identify documents responsive to the large number of RFP Requests across an extraordinary number of custodians, many of which Plaintiffs have identified as custodians for the first time in 2025 and who were not Second Request custodians. Not only is the scope of this effort highly burdensome, but the new proposed TAR models are distinct from the TAR model that was utilized to respond to the Second Request.

A 75% target recall rate is not required by the Federal Rules or Applicable Law, and would result in substantial additional burden for Amedisys as it will require, for instance, significantly more document review for privilege control and logging. What is more, a 70% target recall rate is very frequently utilized for both Second Request document productions and merger litigation productions.

If Plaintiffs have specific reasons they believe a 75% recall rate is necessary and the burden is justified in this case, despite 70% being sufficient in numerous other matters, Amedisys would be willing to continue discussions on this topic.

*     *     *     *     *

Finally, please note that Amedisys will respond separately to the aspects of the Letter related to Amedisys' objections to the Interrogatories.

Very truly yours,

Preston Miller
Simpson Thacher & Bartlett LLP  900 G Street, NW
Washington, D.C. 20001
+1-202-636-5522
preston.miller@stblaw.com

CC:

Schonette J. Walker
Maryland Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
swalker@oag.state.md.us

Richard S. Schultz
Office of the Illinois Attorney General
115 S. LaSalle Street, Floor 23
Chicago, IL 60603
Richard.Schultz@ilag.gov

Yale A. Leber
New Jersey Office of Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07102
E-mail: Yale.Leber@law.njoag.gov

Saami Zain
New York State Office of the Attorney General
28 Liberty Street
New York, NY 10005
E-mail: Saami.Zain@ag.ny.gov


Enclosures