IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, et al., | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO. JKB-24-3267 |
| UNITEDHEALTH GROUP INCORPORATED, et al., | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiffs the United States and the States of Maryland, Illinois, New Jersey, and New York filed suit against Defendants Amedisys, Inc. ("Amedisys") and UnitedHealth Group Incorporated ("UnitedHealth"). (*See generally* ECF No. 1.) Amedisys has filed a Motion to Temporarily Stay Count II of Plaintiffs' Complaint. (ECF No. 106.) The Motion is fully briefed and no hearing is required. The Motion will be granted, and Count II will be stayed.

### I. *Factual and Procedural Background*

The Complaint includes two counts, one against both Amedisys and UnitedHealth (Count I) and one against Amedisys only (Count II). (*See generally* ECF No. 1.) Count I, brought by the United States and the States pursuant to Section 7 of the Clayton Act, seeks to enjoin a merger between the two Defendants due to its alleged impact on competition in certain markets. (*Id.* ¶¶ 94–97.) Count II, brought only by the United States pursuant to Section 7A of the Clayton Act, also known as the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("HSR Act"), alleges that Amedisys failed to comply with document and information production requirements relating to the United States' investigation into the merger. (*Id.* ¶¶ 98–101.) In short, Plaintiffs allege that:

UnitedHealth's proposed acquisition of Amedisys threatens to substantially lessen

competition in local home health, hospice, and nurse labor markets throughout the country. As a result, the United States and the Attorneys General of Maryland, Illinois, New Jersey, and New York respectfully request that the Court enjoin the merger pursuant to Section 7 of the Clayton Act, 15 U.S.C. § 18. The United States also respectfully requests that the Court impose civil penalties on Amedisys for its failure to comply with the HSR Act.

(*Id.* ¶ 18.)

The Court has set in a detailed trial schedule. (*See* ECF No. 114 at 1–3.) That schedule—although less aggressive than the one proposed by Defendants—provides for an expedited trial schedule: dispositive motions are due in May 2025, and the bench trial is scheduled to begin on October 27, 2025. (*Id.*)

## II.  *Analysis*

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

> When considering a discretionary motion to stay, courts typically examine three factors: (1) the impact on the orderly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted.

*Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018). The Court concludes that a stay is warranted, upon consideration of these factors.[1]

The Court concludes that judicial economy—within the unique circumstances of this

---

[1] Amedisys cites the standard relating to a Court's inherent authority to stay a case, and the United States cites the standard relating to a Court's ability to bifurcate a trial pursuant to Federal Rule of Civil Procedure 42. Both standards involve an assessment of very similar factors. *See, e.g.*, *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 975 (4th Cir. 2020) (explaining that, pursuant to Rule 42 "[t]he party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." (citation omitted)). The United States acknowledges this, (*see* ECF No. 118 at 6 ("Even if viewed as a motion for a stay, Amedisys's motion would call for the same inquiry.")), and the Court will assess the request as one for a stay. That said, the Court's analysis would not materially change if it evaluated the request under Rule 42.

case—will be served by staying Count II.

Most critically, Counts I and II are legally and factually distinct. The Counts are not intertwined such that it would be more efficient to try them together, and the United States does not genuinely attempt to argue that they are. The Court agrees with Amedisys' assessment that "whereas Count I will hinge on evidence related to the proposed merger's effect on competition in geographic and product markets, the DOJ's Section 7A Claim depends only on Amedisys' compliance with the HSR Act during the DOJ's pre-complaint investigation." (ECF No. 106-1 at 4.)

The United States explains that staying Count II would be inefficient because custodians of certain documents would need to be deposed and testify twice. However, as even the United States' briefing makes clear, these custodians would be testifying about two wholly different topics, and the testimony would not be duplicative. For instance, the United States argues that "[i]f the claims were bifurcated, several employees would testify about the transaction's potential competitive effects in the first trial, only to then be called again in a second trial about their document creation and retention practices." (*See* ECF No. 118 at 7.) Thus, while the Court is sympathetic to the burden of testifying twice, the Court perceives no trial inefficiency in staying Count II.[2]

Further, the Court set an expedited trial schedule in this case given its recognition that cases such as this are tried on an expedited basis. There is no shortage of case law reflecting that courts generally expedite resolution of claims similar to Count I. *See, e.g., United States v. AT & T Inc.*, 310 F. Supp. 3d 161, 165 (D.D.C. 2018). However, the Court is not aware of any precedent

---

[2] The United States also predicts "needless disputes" between the parties regarding "whether discovery requests pertained to the Section 7 or Section 7A claims." (ECF No. 118 at 7.) However, given the Court's expectation that counsel will act professionally to resolve any such disputes that might arise, the Court does not find this to be a likely outcome of staying Count II. Further, given how clearly distinct Counts I and II are, the Court expects that any such discovery disputes would be relatively simple to resolve, should they be brought to the Court's attention.

suggesting that claims similar to Count II must be resolved on an equally expedited basis. While the Court does not discount the potential importance of resolving Count II, the Court agrees with Amedisys that "Count II involves none of the urgency implicated by Count I." (*See* ECF No. 106-1 at 4.)

In addition, as the parties' briefing makes clear, the parties vigorously dispute legal and factual issues surrounding Count II. And, in assessing whether judicial economy would be served by a stay, courts consider whether it expects a stay to "simplify[] or complicat[e] of issues, proof, and questions of law." *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 731. Amedisys argues that:

> [A]s a matter of law Section 7A does not provide DOJ with authority to obtain the civil penalties it seeks here. To make that threshold legal determination, however, Amedisys recognizes that the Court will need to consider and evaluate the relevant statutory language and legislative history—a task that, to our knowledge, no court has been asked to undertake, likely due to the unprecedented nature of the DOJ's theory and the fact that before the complaint in this case the DOJ never sought civil penalties in similar circumstances since the Antitrust Improvement Act was passed in 1976. Moreover, and in the unlikely event the Court determines that the DOJ's 7A [claim] is legally cognizable, it will then be forced to create new law concerning the types of evidence to consider; the applicable mens rea requirement; and the extent of the penalty (if any) that should be imposed.

(*See* ECF No. 106-1 at 7–8 (emphasis and citations omitted).) The Court takes no position on the substantive merit of these contentions but notes only that the legal issues presented by Count II may be complex. These Count II-specific issues would almost certainly cause delays in the Court's resolution of Count I-related issues, both at the dispositive motions stage and the post-trial stage. Further, Amedisys suggests—and the United States does not dispute—that Count II may be able to be resolved without any discovery after the conclusion of proceedings relating to Count I. (*See* ECF No. 127 at 4–5.) This would work a great efficiency to both parties, and to the Court.

Turning to the other two factors—the hardship to Amedisys if Count II is not stayed and the prejudice to the United States if it is—the Court is not moved by either side's arguments.

Amedisys' arguments that it will endure some hardship are not particularly compelling, and neither are the Plaintiffs' arguments that they will suffer some prejudice. For instance, Amedisys argues that discovery will be complicated if a stay is not granted. (ECF No. 106-1 at 9–10.) However, while the Court did set in an expedited trial schedule, the Court did not set in the more aggressive trial schedule initially requested by Defendants. Thus, Defendants have more time to conduct discovery that they had initially requested. The United States argues that a stay would "waste" its "time and resources." (ECF No. 118 at 9.) Although it is not entirely clear from the briefing, this appears to stem from the above-discussed issue relating to custodians of documents needing to be deposed and to testify twice. As discussed above, the Court is not convinced that a stay would result in any substantial duplication of work.

Thus, it is the first factor—judicial economy—that drives the Court's decision that a stay of Count II is appropriate in this case.

### III.  Conclusion

For the reasons stated above, it is ORDERED that:

1. Amedisys' Motion to Temporarily Stay Count II of Plaintiffs' Complaint (ECF No. 106) is GRANTED and Count II is STAYED pending resolution of Count I.

2. Within 10 days of the Court's resolution of Count I, the parties SHALL PROPOSE a schedule with respect to the resolution of Count II.

DATED this 7 day of April, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

5