UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITEDHEALTH GROUP INCORPORATED, *et al.*,<br><br>*Defendants*. | Case No. 1:24-cv-3267<br><br>Judge James K. Bredar |

**JOINT MOTION FOR ENTRY OF STIPULATED SUPPLEMENTAL PROTECTIVE ORDER REGARDING THE CENTERS FOR MEDICARE & MEDICAID SERVICES**

Pursuant to Local Rules 104.13 and 105, Plaintiff United States of America and Defendants UnitedHealth Group Incorporated and Amedisys, Inc., hereby jointly move for the entry of a Stipulated Supplemental Protective Order Regarding the Centers for Medicare & Medicaid Services (the "Order").[1] Due to the straightforward and joint nature of this motion, the Parties respectfully request that the Court dispense with Local Rule 105's requirement that all motions be accompanied by a supporting memorandum. In support of this motion the Parties state as follows:

1. Since the start of discovery in this Action, the Parties have worked together productively and in good faith to facilitate timely discovery and protect privileged information from disclosure. In accordance with these shared goals, the Parties agreed to, and the Court subsequently entered, a Stipulated Protective Order and Order Governing Production of

---

[1] Because the Order relates solely to the Centers for Medicare & Medicaid Services, only Plaintiff United States of America brings it rather than all Plaintiffs in this action. The Plaintiff States of Maryland, Illinois, New Jersey, and New York do not oppose this motion.

Investigation Materials. (ECF No. 40 (the "Protective Order")). The Protective Order includes a mechanism for the Parties to claw back documents that are inadvertently produced and subject to a claim of privilege, including the deliberative process privilege. (ECF No. 40, ¶¶ 59-62). In addition, on April 16, 2025, the Court entered the Parties' Stipulated Supplemental Protective Order Governing Protected Health Information (HIPAA Qualified Protective Order). (ECF No. 141).

2. During fact discovery, Defendants have sought custodial document discovery from the files of employees at the Centers for Medicare & Medicaid Services ("CMS"). Plaintiff United States is working diligently with CMS to facilitate production of CMS documents to Defendants. As Plaintiff United States has conducted review of potentially responsive documents on CMS's behalf, it has determined that a substantial portion are potentially subject to a claim of deliberative process privilege. Review for whether a document qualifies for the deliberative-process privilege entails a document-by-document review. *See, e.g.*, *Jud. Watch, Inc. v. U.S. Dept. of Treas.*, 796 F. Supp. 2d 13, 28 (D.D.C. 2011) ("the Treasury undertook a careful document-by-document analysis to ensure that only exempt material was withheld or redacted from the document production."); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 801 (E.D. Va. 2008) (finding that the government must assert the applicability of the deliberative process privilege as "to a particular document").

3. Plaintiff United States is currently undertaking pre-production individualized review and logging of CMS custodial documents for deliberative process privilege. However, based on the quantity of documents subject to deliberative process privilege, it would be difficult for the United States to complete privilege review and privilege logging of all CMS custodial documents within the expedited discovery schedule set in this Action.

4.     The proposed Order addresses these concerns. The proposed Order eliminates the need for Plaintiff United States to conduct front-end individualized review and logging of CMS documents for deliberative process privilege. This enables Plaintiff United States to produce the majority of responsive CMS documents (i.e., those not subject to another applicable privilege) to Defendants in a more expedited fashion. At the same time, the proposed Order provides that Plaintiff United States' production of these CMS documents does not effect a waiver of the deliberative process privilege on behalf of CMS. As such, Plaintiff United States remains able to claim and assert the deliberative process privilege on behalf of CMS for documents as needed, despite having produced them without front-end review for that privilege.

5.     In addition to the agreement on non-waiver, the proposed Order provides for measures to minimize disruption to Defendants' deposition of a CMS witness, while preserving Plaintiff United States' ability to claim the deliberative process privilege on behalf of CMS during any deposition that Defendants take of a CMS witness. The proposed Order provides—at Defendants' option—for a filter attorney review, whereby Defendants may submit to an attorney from the U.S. Department of Health and Human Services Office of General Counsel (as designated by Plaintiff United States) the CMS documents that Defendants have identified for use at a deposition. Through this pre-deposition review procedure, the filter attorney can decide in advance whether to assert the deliberative process privilege. Front-end privilege assessment would potentially reduce the need for mid-deposition breaks and consultations. In addition, the proposed Order allows for participation by the designated filter attorney in any CMS deposition for the purpose of engaging with Defendants on deliberative process privilege issues.

6.     The Parties believe that entry of the proposed Order appropriately balances Defendants' need for timely production of relevant CMS documents with Plaintiff United States'

need to claim and assert the deliberative process privilege over CMS documents as needed. Accordingly, the Parties respectfully request that the Court grant their joint motion for entry of the attached proposed Stipulated Supplemental Protective Order Regarding the Centers for Medicare & Medicaid Services.

Dated: April 29, 2025

Respectfully submitted,

/s/ Erin K. Murdock-Park
Erin K. Murdock-Park
Benjamin H. Able
Chris S. Hong
Paul J. Torzilli
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: 202-445-8082
Fax: (202) 307-5802
Email: Erin.Murdock-Park@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ Don Hong
(signed by Erin K. Murdock-Park with permission of Don Hong)
Don Hong (*pro hac vice*)
Catie Ventura (Bar ID 19848)
Matt Reilly (*pro hac vice*)
Michael F. Williams (*pro hac vice*)
Anna Rotman (*pro Hac vice*)
K. Winn Allen (*pro hac vice*)
Rich Cunningham (*pro hac vice*)
Jeffrey Ayer (*pro hac vice*)
T.J. McCarrick (*pro hac vice*)
Kirkland & Ellis LLP
1301 Pennsylvania Ave, N.W.,
Washington, D.C. 20004
Telephone: (202) 389-5000
catie.ventura@kirkland.com
matt.reilly@kirkland.com
michael.williams@kirkland.com
anna.rotman@kirkland.com

winn.allen@kirkland.com
rich.cunningham@kirkland.com
jeffrey.ayer@kirkland.com
tj.mccarrick@kirkland.com
don.hong@kirkland.com

*Attorneys for Defendant UnitedHealth Group Incorporated*

*/s/ N. Preston Miller*
(signed by Erin K. Murdock-Park with permission of N. Preston Miller)
N. Preston Miller (*pro hac vice*)
Sara Y. Razi (*pro hac vice*)
Abram J. Ellis (*pro hac vice*)
Avia Gridi (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
900 G Street, N.W.
Washington, DC 20001
Telephone: (202) 636-5500
sara.razi@stblaw.com
aellis@stblaw.com
preston.miller@stblaw.com
avia.gridi@stblaw.com

Daniel H. Owsley (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
daniel.owsley@stblaw.com

Katherine B. Forrest (*pro hac vice*)
Geoffrey Chepiga (*pro hac vice*)
Staci Yablon (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
kforrest@paulweiss.com
gchepiga@paulweiss.com
syablon@paulweiss.com

Joshua H. Soven (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, N.W.

5

Washington, DC 20006
jsoven@paulweiss.com

James P. Ulwick (Bar # 00536)
KRAMON & GRAHAM, P.A.
750 East Pratt Street, Suite 1100
Baltimore, MD 21202
julwick@kg-law.com

*Attorneys for Defendant Amedisys, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of April, 2025, a copy of the foregoing Joint Stipulated Supplemental Protective Order Regarding the Centers for Medicare & Medicaid Services was electronically transmitted to the Clerk of Court using the CM/ECF system, which will transmit notification of such filing to all registered participants.

*/s/ Erin K. Murdock-Park*
Erin K. Murdock-Park
